IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM LUTHER RHOADS,

    Petitioner,                    No. 2:11-cv-1507 KJN P

    vs.

Unknown,

    Respondent.                ORDER AND

                                  /        FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). On July 18, 2011, petitioner paid the filing fee.

        On June 20, 2011, petitioner filed a first amended petition. However, the petition was missing page six. Both the original petition and the first amended petition are virtually verbatim, except that petitioner added pages seven through twelve to the first amended petition. Accordingly, the Clerk of the Court is directed to insert an image of page six from the original petition (dkt. no. 1 at 6) into the first amended petition as docket no. 3 at 6. Petitioner's page six contains the grounds raised in the petition.

1    The exhaustion of state court remedies is a prerequisite to the granting of a
2 petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must
3 be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,
4 thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
5 providing the highest state court with a full and fair opportunity to consider all claims before
6 presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
7 Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8    After reviewing the petition for habeas corpus, the court finds that petitioner has
9 failed to exhaust state court remedies. The claims have not been presented to the California
10 Supreme Court. Further, there is no allegation that state court remedies are no longer available to
11 petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

12    Good cause appearing, IT IS HEREBY ORDERED that:

13    1. Petitioner is granted leave to proceed in forma pauperis;

14    2. The Clerk of the Court is directed to:

15        A. Assign a district judge to this case;

16        B. Insert an image of page six from the original petition (dkt. no. 1 at 6)
17 into the first amended petition as docket no. 3 at 6; and

18        C. Serve a copy of these findings and recommendations together with a
19 copy of the petition filed in the instant case on the Attorney General of the State of California;
20 and

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rhoa1507.103